RODNEY S. DIGGS, Esq. (SBN 274459)
rdiggs@imwlaw.com
YALDA PAYDAR, Esq. (SBN 326081)
ypaydar@imwlwa.com
IVIE McNEILL WYATT PURCELL & DIGGS
A Professional Law Corporation
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:   (213) 489-0028
Facsimile:   (213) 489-0552

PETER L. CARR, IV (#256104)
pcarr@thePLClawgroup.com
NA'SHAUN L. NEAL (#284280)
nneal@thePLClawgroup.com
PLC LAW GROUP, APC
3756 SANTA ROSALIA DR., SUITE 326
LOS ANGELES, CA 90008
TELEPHONE: (310) 400-5890
FACSIMILE:  (310) 400-5895

Attorneys for Plaintiff JAAYE PERSON-LYNN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAAYE PERSON-LYNN, an individual,<br><br>                    Plaintiff<br><br>        vs.<br><br>COUNTY OF SAN BERNARDINO, a public entity, DEPUTY PAUL BARRIE #B3216, an individual, DEPUTY K. SUTTON, an individual, and DOES 1 through 10 inclusive.<br><br>                    Defendants. | Case No:  20 cv-11578<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  VIOLATION OF CIVIL RIGHTS UNDER CIV.CODE.SECTION 51.7<br>2.  VIOLATION OF CIVIL RIGHTS UNDER CIV.CODE.SECTION 52.1<br>3.  ASSAULT<br>4.  BATTERY<br>5.  FALSE ARREST AND FALSE IMPRISONMENT<br>6.  NEGLIGENCE<br>7.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>8.  FOURTH AMENDMENT – EXCESSIVE FORCE (42 U.S.C. § 1983)<br>9.  UNLAWFUL DETENTION/SEIZURE/ARREST – (42 U.S.C. § 1983)<br>10. FIRST AMENDMENT QUESTIONING POLICE ACTION – (42 U.S.C. § 1983)<br>11. MONELL LIABILITY – RATIFICATION, INADEQUATE TRAINING, UNCONSTITUTIONAL CUSTOM, PRACTICE, POLICY (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JAAYE PERSON-LYNN ("Plaintiff") in his Complaint against Defendants COUNTY OF SAN BERNARDINO, DEPUTY PAUL BARRIE, DEPUTY K. SUTTON, AND DOES 1 THROUGH 10, inclusive ("DEFENDANTS" collectively) and allege as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive and unreasonable force used against Plaintiff at the San Bernardino Justice Center on January 10, 2019.

## JURISIDICTION AND VENUE

2.      This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3.      This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

4.      The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## CLAIM STATUTE REQUIREMENT

5.      On January 16, 2019, Plaintiff filed a comprehensive and timely claim for damages with County of San Bernardino ("the County") pursuant to California Government Code § 905. The County denied this claim.

## PARTIES

6.      At all relevant times herein, Plaintiff JAAYE PERSON-LYNN was an individual residing in the County of Los Angeles, California.

7.      Upon information and belief, at all relevant times herein, Defendant

COUNTY OF SAN BERNARDINO (hereinafter "COUNTY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the County of San Bernardino Sheriff's Department and its tactics, methods, practices, customs and usages.

8.     Upon information and belief, at all times mentioned herein and material hereto, Defendant DEPUTY PAUL BARRIE, AN INDIVIDUAL ("DEPUTY BARRIE") was engaged in law enforcement as a Sheriff deputy, sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY, duly employed as a deputy by the County of San Bernardino Sheriff's Department, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

9.     Upon information and belief, at all times mentioned herein and material hereto, Defendant DEPUTY K. SUTTON, AN INDIVIDUAL ("DEPUTY SUTTON") was engaged in law enforcement as a Sheriff deputy, sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant COUNTY, duly employed as a deputy by the County of San Bernardino Sheriff's Department, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

10.     Upon information and belief, at all times mentioned herein and material hereto, Defendant DEPUTY DOES 1 through 10 (Hereinafter "DEFENDANT DOE DEPUTIES 1 through 10") whose identities are currently unknown but will be named once their identities are ascertained were engaged in law enforcement as Sheriff deputies, sergeants, captains, lieutenants, and/or civilian employee, agent and representative of Defendant COUNTY OF SAN BERNARDINO, duly employed as a deputy by the County of San Bernardino

Sheriff's Department, who was acting in the course and scope of his employment all times relevant to the acts and omissions herein alleged.

11.     Upon information and belief, at all relevant times, DEFENDANT COUNTY were the employers of DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 who were County sheriff deputies, managerial, supervisorial, and policymaking employees of COUNTY's SHERIFF'S DEPARTMENT.  On information and belief, at all relevant times, DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 were residents of the COUNTY and/or county of Los Angeles, California.  DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 are sued in their individual capacities.

12.     Upon information and belief, at all relevant times, DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 who were County sheriff deputies, managerial, supervisorial, and policymaking employees of COUNTY's SHERIFF'S DEPARTMENT were duly authorized employees and agents of COUNTY, who were acting under color of law within the course and scope of their respective duties as sheriff deputies and within the complete authority and ratification of their principal, DEFENDANT COUNTY.

13.     Upon information and belief, at all relevant times, DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 who were County sheriff deputies, managerial, supervisorial, and policymaking employees of COUNTY's SHERIFF'S DEPARTMENT were duly appointed deputies/officers and/or employees or agents of COUNTY, subject to oversight and supervision by COUNTY's elected and non-elected officials.

14.     In doing the acts and failing and omitting to act as hereinafter described, at all relevant times, DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 who were County sheriff deputies, managerial, supervisorial, and policymaking employees of COUNTY's SHERIFF'S DEPARTMENT were acting on the implied and actual permission,

consent and ratification of COUNTY.

15.     Upon information and belief, at all times mentioned herein, each and every COUNTY defendant was the agent of each and every other COUNTY defendant and had the legal duty to oversee and supervise the hiring, training, retention, supervision, conduct and employment of each and every COUNTY defendant.

16.     Upon information and belief, at all relevant times, DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10, individually and as County sheriff deputies, were working for Defendant COUNTY as sheriff deputies and with the complete authority and ratification of their principal, Defendant COUNTY.

17.     Plaintiff is unaware of the true names and capacities of those DEFENDANTS named herein as DEFENDANT DOE DEPUTIES 1-10. Plaintiff will amend this COMPLAINT to allege said DEFENDANT DOE DEPUTIES 1-10's true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that these DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DEPUTY BARRIE, and DEFENDANT DOE DEPUTIES 1 through 10 proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanted misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

18.     This action and claims therein are brought within all applicable statute of limitations. Plaintiff's federal causes of action are not subject to government tort claims filing requirements.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

19.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

20.     Plaintiff is unaware of the true names and capacities of those DEFENDANT DOE DEPUTIES 1-10 (hereinafter "DEFENDANT DOE DEPUTIES 1-10"). DEPUTY BARRIE, DEPUTY SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 (hereinafter "DEFENDANTS," collectively) each acted within the course and scope of their employment and authority as Sheriff Deputies with Defendant COUNTY OF SAN BERNARDINO (Hereinafter "COUNTY") SHERIFF'S DEPARTMENT.

21.     On or about January 10, 2019 at approximately 11:30 a.m., Plaintiff, an African-American male attorney, was subjected to excessive and unreasonable force, unlawful detention in an unreasonable manner, and/or unlawful seizure/arrest by DEFENDANT BARRIE, DEFENDANT SUTTON, and DEFENDANT DOE DEPUTIES 1 through 10 (hereinafter, "DEFENDANT DEPUTIES") at the San Bernardino Justice Center in the COUNTY OF SAN BERNARDINO.

22.     Upon information and belief, Plaintiff approached the Clerk's desk in Department S7 of the San Bernardino Justice Center to inquire about changing a date he is counsel on. DEFENDANT BARRIE asked Plaintiff if they knew each other, to which Plaintiff responded in the negative and informed DEFENDANT BARRIE that he was there to speak with the Clerk.

23.     Upon information and belief, DEFENDANT BARRIE told Plaintiff he needed to go in the audience area because he was not an attorney. Plaintiff, who wasn't wearing a suit retrieved his bar card, showed his bar card to DEFENDANT BARRIE, and explained he was an attorney with a case in that courtroom. Plaintiff then reiterated that he needed to speak with the Clerk regarding his case. DEFENDANT BARRIE told Plaintiff he still needed to go to the audience area,

and Plaintiff inquired why. DEFENDANT SUTTON repeated the directive that DEFENDANT BARRIE gave without explanation of why Plaintiff, as an attorney with a case in that court, could not conduct his business with the Clerk. Plaintiff believes DEFENDANT DEPUTIES did not believe him and heavily questioned him because he is an African-American man.

24.    Upon information and belief, without provocation or warning, DEFENDANT BARRIE then violently grabbed Plaintiff's arm and forcefully moved him beyond the bar into the audience area. During DEFENDANT BARRIE'S aggressive and forceful handling of Plaintiff, Plaintiff moved DEFENDANT BARRIE'S arm away and off from him.

25.    After Plaintiff's initial reaction to DEFENDANT BARRIE wrongfully and aggressively grabbing Plaintiff, and Plaintiff moving DEFENDANT BARRIE'S arm as a result, Plaintiff did not initiate any more physical contact with DEFENDANT BARRIE. Once DEFENDANT BARRIE placed Plaintiff in the audience area, Plaintiff was in the area that DEFENDANT DEPUTIES told him he needed to be, and Plaintiff did not attempt to move beyond said area.

26.    Plaintiff then obediently stood in the audience area to speak to DEFENDANT DEPUTIES. DEFENDANT BARRIE continued to act as a partition between Plaintiff and the bar by physically placing himself in front of Plaintiff, although Plaintiff did not show any indication that he would attempt to leave the audience area. DEFENDANT BARRIE, joined by DEFENDANT SUTTON, then proceeded to engage in an unwarranted and unjustified line of questioning pertaining to Plaintiff's business in the courtroom that Plaintiff already answered when at the bar. Plaintiff only continued to reiterate that he is an officer of the court and had business to conduct.

27.    Several minutes passed as DEFENDANT DEPUTIES continued to badger Plaintiff about not belonging in the courtroom. Plaintiff remained calm and collected, and continued to respond to the DEFENDANT DEPUTIES without any

force or physical threat.

28.     Upon information and belief, after minutes of only verbal exchange had passed, without provocation, warning or consent, DEFENDANT BARRIE then forcefully grabbed Plaintiff's arm again and moved Plaintiff outside the courtroom.

29.     Outside of the courtroom, Plaintiff, as an attorney knowledgeable of his rights and recognizing his ability to assert such rights as a citizen, proceeded to verbalize his legal rights to DEFENDANT DEPUTIES. Plaintiff told DEFENDANT DEPUTIES that he would "come at them with everything he learned in law school" in order to defend himself since he was powerless to do so under the circumstances.

30.     Then, out of retaliation of Plaintiff's statement, without warning or provocation, DEFENDANT BARRIE then deployed his Taser, tackled Plaintiff, shoved Plaintiff's face in the floor, and handcuffed Plaintiff extremely and unnecessarily tight. At this point, DEFENDANT DEPUTIES arrested Plaintiff without any evidence, objectively reasonable suspicion, or probable cause to believe that Plaintiff had committed a crime when he was in the audience area and outside the courtroom.

31.     Upon information and belief, at no time did Plaintiff attack, attempt to attack, assault, batter, attempt to assault or batter, or threaten any form of violence against DEFENDANT DEPUTIES or any other person when Plaintiff was in the audience area and outside the courtroom.

32.     DEFENDANT DEPUTIES transported Plaintiff to the Central Detention Center and booked him for a violation of Penal Code § 148(a)(1) Resisting a Peace Officer to cover up their unlawful and excessive use of force, unlawful detention, and unlawful arrest.

33.     Upon information and belief, a substantial and motivating reason for the DEFENDANT DEPUTIES' use of excessive force, unlawful detention, and unlawful arrest was due to their being emboldened to commit misconduct under a

belief of impunity and subsequent ratification, manipulation and obstruction of justice by DEFENDANT COUNTY.

34.    Upon information and belief this use of force against Plaintiff was excessive and objectively unreasonable under the circumstances, especially because Plaintiff committed no crime, was unarmed, was not an imminent threat of death or serious bodily harm to any DEFENDANT DEPUTIES and anyone else, did not physically or verbally threaten DEFENDANT DEPUTIES with any physical harm, was not fleeing or attempting to flee from a committed crime, and was not physically or actively resisting or assaulting the DEFENDANT DEPUTIES when he was grabbed, tased, and had his face shoved to the ground.

35.    As result of the excessive force, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries, including physical bruises, a sprained wrist, grief, anxiety, emotional distress, pain, humiliation and embarrassment to his reputation as a respected lawyer in the community.

36.    Upon information and belief, the conduct of the DEFENDANTS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

## FIRST CLAIM
### VIOLATION OF CIVIL RIGHTS UNDER CIVIL CODE SECTION 51.7
### (Against DEFENDANT BARRIE, DEFENDANT SUTTON and
### DEFENDANT DOE DEPUTIES 1 through 10)

37.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

38.    On or about the above stated dates, and sometime prior thereto, DEFENDANT DEPUTIES violated Plaintiff's civil rights guaranteed by the California Constitution and the laws of the State of California thereby providing a civil cause of action against DEFENDANT DEPUTIES under California Civil

Code Section 51.7.

39. DEFENDANT DEPUTIES, while working as deputies for the County of San Bernardino Sheriff's Department, and acting within the course and scope of their official duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from violence, or intimidation by threat of violence committed against him based on his race.

40. As a proximate result of the aforementioned acts of DEFENDANT DEPUTIES, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code sections 51 and 51.7.

41. DEFENDANT DEPUTIES were acting within the course and scope of their employment with COUNTY.

42. DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SECOND CLAIM

**VIOLATION OF CIVIL RIGHTS UNDER CIVIL CODE SECTION 52.1**

**(Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)**

43. Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

44. On or about the above stated dates, and sometime prior thereto, DEFENDANT DEPUTIES violated Plaintiff's civil rights guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby providing a civil cause of action against DEFENDANT DEPUTIES under California Civil Code Section 52.1.

45.   DEFENDANT DEPUTIES, while working as deputies for the County of San Bernardino Sheriff's Department, and acting within the course and scope of his official duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable seizures, arrests, searches, and unreasonable force by threatening or committing acts involving violence, coercion or intimidation.

46.   On information and belief, Plaintiff reasonably believed that if he exercised his constitutional rights to be free from unreasonable seizures, arrests, searches, and unreasonable force, DEFENDANT DEPUTIES would commit acts involving violence, threats, coercion or intimidation against his person.

47.   As a proximate result of the aforementioned acts of DEFENDANT DEPUTIES, Plaintiff suffered damage in a sum according to proof, and is entitled to the general, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code sections 52 and 52.1.

48.   DEFENDANT DEPUTIES were acting within the course and scope of their employment with COUNTY.

49.   DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## THIRD CLAIM

## ASSAULT

### (Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)

50.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51.   At the aforementioned date, time and place, DEFENDANT

DEPUTIES assaulted Plaintiff.

50.   By reason of the acts aforesaid, Plaintiff was placed in great fear for his safety and physical and emotional wellbeing.

52.   The aforementioned acts of DEFENDANT DEPUTIES, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

53.   DEFENDANT DEPUTIES were acting within the course and scope of their employment with COUNTY.

54.   DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FOURTH CLAIM
### BATTERY
### (Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)

55.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

56.   At the aforementioned date, time and place, DEFENDANT DEPUTIES battered Plaintiff.

57.   By reason of the acts aforesaid, DEFENDANT DEPUTIES directly and proximately caused Plaintiff physical and emotional injuries.

58.   The aforementioned acts of DEFENDANT DEPUTIES, and each of them, were willful, malicious and oppressive, without legal justification or legal authority and thereby justify the awarding of punitive damages in a sum according to proof.

59.     As a direct and proximate result of the aforesaid negligent conduct of the DEFENDANTS, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries, including physical bruises, sprained wrist, grief, anxiety, pain, humiliation and embarrassment to his reputation as a respected lawyer in the community, and emotional distress according to proof.

60.     DEFENDANT DEPUTIES were acting within the course and scope of their employment with COUNTY.

61.     DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

### (Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)

62.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63.     Immediately after Defendant DEPUTIES unprovoked, unlawful, and malicious assault and battery on Plaintiff, Defendant DEPUTIES falsely arrested and imprisoned Plaintiff by acts which included, but were not limited to, taking Plaintiff, without lawful warrant, and without having probable cause or reasonable suspicion to believe that Plaintiff had committed a crime or would commit a crime in the future, to the Central Detention Center without his consent, and detaining Plaintiff in a custodial setting on the premises of the Central Detention Center for an unreasonable length of time.

64.     Although Plaintiff moved DEFENDANT BARRIE's arm off of him in protest to DEFENDANT BARRIE's wrongful and aggressive handling of

Plaintiff, this event was isolated from DEFENDANT DEPUTIES using excessive force on Plaintiff and subsequently arresting him. An appreciable amount of time passed between the time Plaintiff moved DEFENDANT BARRIE's arm and when DEFENDANT DEPUTIES removed Plaintiff outside the courtroom. More importantly, Plaintiff had committed no crime when DEFENDANT DEPUTIES battered him outside of the courtroom. DEFENDANT DEPUTIES' acted purely out of spite and retaliation by battering and arresting Plaintiff because Plaintiff stated that he would challenge DEFENDANT DEPUTIES' wrongful behavior.

65.    During this unreasonable detention, Plaintiff was not allowed to leave the premises of the Central Detention Center, and was not told that he was free to leave the premises of the Central Detention Center. Plaintiff had not done anything to justify his false arrest and imprisonment.

66.    Upon information and belief, in falsely arresting and imprisoning him, as described in the foregoing paragraphs of this Complaint, DEFENDANT DEPUTIES acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against DEFENDANT DEPUTIES in an amount to be proven at trial.

67.    The above-described acts of the DEFENDANT DEPUTIES, who falsely arrested and imprisoned Plaintiff, were outrageous, intentional, and malicious and caused Plaintiff to suffer injury, humiliation, mental anguish, and emotional and physical distress.

68.    As a proximate result of the above-described conduct of DEFENDANT DEPUTIES, Plaintiff suffered extreme pain and severe mental anguish, as well as mental and physical damage to his mind and body.

69.    As a further proximate result of the above-described conduct of

DEFENDANT DEPUTIES, Plaintiff sustained the above-described injuries, and incurred expenses in an amount according to proof at trial.

70.     DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SIXTH CLAIM
### NEGLIGENCE
**(Against DEFENDANT COUNTY, DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)**

71.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

72.     Upon information and belief, at all times relevant and mentioned herein, DEFENDANT DEPUTIES, and each of them, owed a duty of care to all reasonably foreseeable people, including Plaintiff, to carry out their law enforcement duties in a reasonable manner, including the use of any force.

73.     Upon information and belief, at all times relevant and mentioned herein, DEFENDANT DEPUTIES, and each of them, carelessly and negligently carried out their law enforcement duties, and particularly used force against Plaintiff in a reckless manner wherein they caused physical injury to Plaintiff, an innocent victim, numerous times, despite Plaintiff posing no threat of harm to any person.

74.     Upon information and belief, at all times relevant and mentioned herein, DEFENDANT COUNTY owed a duty of care to all reasonably foreseeable people, including Plaintiff, to reasonably hire, select, retain, and discipline their deputies. Upon information and belief, at all times relevant and mentioned herein, DEFENDANT COUNTY owed a duty of care to all reasonably foreseeable people,

including Plaintiff, to reasonably train and supervise their deputies to carry out their law enforcement duties, including particularly, the use of any force whatsoever, in a reasonable manner.

75.     Upon information and belief, at all times relevant and mentioned herein, DEFENDANT COUNTY breached those duties by failing to adequately train and supervise their deputies in the use of force. Upon information and belief, at all times relevant and mentioned herein, DEFENDANT DEPUTIES were negligently and poorly trained, hired, supervised, and retained.

76.     As a direct and proximate result of the aforesaid negligent conduct of the DEFENDANTS, Plaintiff sustained serious past and ongoing physical, mental and emotional injuries, including physical bruises, sprained wrist, grief, anxiety, pain, humiliation and embarrassment to his reputation as a respected lawyer in the community, and emotional distress according to proof.

77.     DEFENDANT DEPUTIES were acting within the course and scope of their employment with COUNTY.

78.     DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SEVENTH CLAIM

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)

79.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

80.     The conduct of DEFENDANT DEPUTIES, which is described throughout this Complaint, was extreme and outrageous, and objectively

unreasonable under the circumstances.

81.   DEFENDANT DEPUTIES acted intentionally or, at a minimum, with reckless disregard for the probability that Plaintiff would suffer emotional distress.

82.   Plaintiff did in fact suffer extreme emotional distress a direct and proximate result of DEFENDANT DEPUTIES' conduct.

83.   DEFENDANT DEPUTIES' conduct was a substantial factor in causing Plaintiff's emotional injuries.

84.   DEFENDANT DEPUTIES were acting within the course and scope of their employment with COUNTY.

85.   DEFENDANT COUNTY is vicariously liable for the wrongful acts of DEFENDANT DEPUTIES pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## EIGHTH CLAIM
### FOURTH AMENDMENT – EXCESSIVE FORCE (42 U.S.C. § 1983)
### (Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)

86.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

87.   DEFENDANT DEPUTIES used excessive force against Plaintiff by and without any reasonable suspicion or probable cause because Plaintiff had committed no crime, was unarmed, was not an imminent threat of death or serious bodily harm to any of DEFENDANT DEPUTIES and anyone else, did not physically or verbally threaten DEFENDANT DEPUTIES with any physical harm, was not fleeing or attempting to flee from a committed crime, and was not physically or actively resisting or assaulting DEFENDANT DEPUTIES when Plaintiff was removed to the audience area.

88.     Once DEFENDANT BARRIE succeeded in removing Plaintiff to the audience area, Plaintiff attempted to reiterate to DEFENDANT DEPUTIES that he was an officer of the court attempting to retrieve information about his case. Plaintiff never attempted to use physical force, threats, or violence against with DEFENDANT DEPUTIES while Plaintiff attempted to provide clarity to DEFENDANT DEPUTIES about his business with the court.

89.     Plaintiff was thereafter subjected to excessive force when DEFENDANT DEPUTIES grabbed Plaintiff again to remove him from the where they told him to stand, shoved his face into the floor, tased him, and handcuffed extremely and unnecessarily tight. Each of these actions were separate and apart from Plaintiff removing DEFENDANT BARRIE'S arm, which had occurred at the beginning of Plaintiff's and DEFENDANT DEPUTIES' first interaction while PLAINTIFF was still at the bar. These acts by DEFENDANT DEPUTIES all constituted an unlawful arrest of Plaintiff.

90.     As a result of the excessive force, Plaintiff sustained serious past and ongoing physical, mental, and emotional injuries.

91.     The excessive use of force deprived Plaintiff of his right to be secure in his person against excessive force as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

92.     DEFENDANT DEPUTIES' use of force was also excessive under these circumstances because Plaintiff is a respected member of the legal community and was merely exercising his ability to inquire about a case in which he was counsel.

93.     Upon information and belief, DEFENDANTS' conduct violated their standard deputy training. The conduct of DEFENDANT DEPUTIES thereby warrants the imposition of exemplary and punitive damages as to DEFENDANTS.

94.     The aforementioned acts and omissions of DEFENDANT DEPUTIES, and each of them, were a direct and proximate cause of Plaintiff's

physical, mental, and emotional injuries, which warrant the awarding of compensatory and special damages in a sum according to proof.

95.    Plaintiff seeks past, present and future general, special, compensatory and consequential damages for the violation of Plaintiff's rights.

96.    Plaintiff also seeks costs and reasonable attorney's fees as provided under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

## NINTH CLAIM
### UNLAWFUL DETENTION/SEIZURE/ARREST – (42 U.S.C. § 1983)
### (Against DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)

97.    Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

98.    At all times relevant herein, Plaintiff had a constitutionally afforded right against any unlawful detention/seizure/arrest which is unreasonable due to no reasonable suspicion based on specific articulable facts that Plaintiff committed any crime and/or unreasonable in time and/or manner which are unnecessarily painful, degrading, harmful, intrusive, or prolonged.

99.    Upon information and belief, Plaintiff's detention/seizure was unlawful because Plaintiff committed no crime at the time Plaintiff was first approached and when Plaintiff was subsequently detained, seized, and arrested outside of the courtroom. DEFENDANT DEPUTIES had no objectively reasonable suspicion based on specific articulable facts that Plaintiff committed any crime or that Plaintiff was not within his ability to solicit information from the court Clerk.

100.   Upon information and belief, Plaintiff's detention, seizure, and arrest was unlawful because it was unreasonable in time and/or manner unnecessarily painful, degrading, harmful, intrusive, humiliating, prolonged, and not justified under the circumstances.

101.    Upon information and belief, DEFENDANT DEPUTIES unreasonably detained, seized, and arrested Plaintiff in a degrading, prolonged, intimidating, intrusive, and embarrassing manner despite no reasonable belief that Plaintiff committed a crime when he was first approached or arrested outside of the courtroom. DEFENDANT DEPUTIES had no reasonable belief that Plaintiff was armed, was an imminent threat of death or serious bodily harm to any of DEFENDANT DEPUTIES and anyone else, would physically or verbally threaten DEFENDANT DEPUTIES with any physical harm, was fleeing or attempting to flee from a committed crime, or was physically or actively resisting or assaulting the DEFENDANT DEPUTIES.

102.    This use of force, intimidation and authority made it clear that Plaintiff was not free to go and was instead being seized/detained as a criminal. Plaintiff had already complied with DEFENDANT DEPUTIES' orders for Plaintiff to remain in the audience area and had committed no further act justifiable for Plaintiff's arrest.

103.    Upon information and belief, the DEFENDANT DEPUTIES further unreasonably, painfully, unjustifiably, degradingly, and harmfully transferred Plaintiff to a correctional facility whereby he was harmed mentally, physically and/or emotionally and detained for an unreasonable amount of time and/or manner because Plaintiff committed no crime that necessitated the use of force against him or that permitted his detention/seizure/arrest following his compliance in the audience area.

104.    The aforementioned facts of Plaintiff's unreasonable detention, seizure, and arrest of Plaintiff's person directly and proximately caused Plaintiff general and special damages in an amount to be determined.

105.    Accordingly, DEFENDANT DEPUTIES each are liable to Plaintiff for compensatory damages, costs and attorney's fees under 42 U.S.C. §§ 1983 and 1988.

/ / /

## TENTH CLAIM

**FIRST AMENDMENT/QUESTIONING POLICE ACTION – (42 U.S.C § 1983)**

**(Against DEFENDANT COUNTY, DEFENDANT BARRIE, DEFENDANT SUTTON and DEFENDANT DOE DEPUTIES 1 through 10)**

106.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107.   At all times relevant herein, Plaintiff had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

108.   Upon information and belief, DEFENDANT DEPUTIES used excessive force against Plaintiff in retaliation for Plaintiff's exercising of his right to protest police misconduct.

109.   The conduct of DEFENDANT DEPUTIES' was willful, wanton, malicious, and with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages against DEFENDANTS.

110.   As a result of their misconduct, DEFENDANTS are liable for PLAINTIFF'S physical, mental, and emotional injuries, either because they were integral participants in the excessive force, or because they failed to intervene to prevent these violations.

111.   The aforementioned acts and omissions of Defendants, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. Plaintiff also seeks costs and attorney's fees as provided by 42 U.S.C. § 1988.

/ / /

/ / /

/ / /

### ELEVENTH CLAIM

**MONELL LIABILITY – MUNICIPAL LIABILITY**

**RATIFICATION, INADEQUATE TRAINING, UNCONSTITUTIONAL**

**CUSTOM, PRACTICE, POLICY (42 U.S.C. § 1983)**

**(Against DEFENDANT COUNTY OF SAN BERNARDINO)**

112.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

113.   DEFENDANT DEPUTIES acted under the color of law.

114.   The acts of DEFENDANT DEPUTIES deprived Plaintiff of his particular rights under the United States Constitution and aforementioned statutes.

115.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DEFENDANT DEPUTIES, ratified (or will ratify DEFENDANT DEPUTIES' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of (or will specifically approve of) the acts of these DEFENDANT DEPUTIES.

116.   Upon information and belief, a final policy maker determined DEFENDANT DEPUTIES' unconstitutional actions were "within policy" and ratified their acts alleged herein.

117.   In addition, the training policies of DEFENDANT COUNTY were not adequate to train its deputies/officers to handle the usual and recurring situations with which they must deal.

118.   DEFENDANT COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies/officers adequately.

119.   The failure of DEFENDANT COUNTY to provide adequate training caused the deprivation of the Plaintiff's rights by DEFENDANT DEPUTIES; that is, the COUNTY'S failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

120.   DEFENDANT DEPUTIES also acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the DEFENDANT COUNTY.

121.   On information and belief, DEFENDANT DEPUTIES were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

122.   DEFENDANTS, together with other COUNTY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)   Using excessive force;

(b)   Providing inadequate training regarding the use of force;

(c)   Employing and retaining as deputies/officers such as DEFENDANT   DEPUTIES, who DEFENDANT COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)   Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies/officers, and other personnel, including DEFENDANT DEPUTIES, who DEFENDANT COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies/officers and DEFENDANT DEPUTIES;

(f)   Failing to adequately discipline COUNTY deputies/officers, including DEFENDANT DEPUTIES, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)   Announcing that unjustified uses of excessive force are "within

policy," including incidents that were later determined in court to be unconstitutional;

(h)     Even where incidents are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the deputies/officers involved;

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which deputies/officers do not report other deputies/officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other deputies/officers' wrongdoing; and

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of deputy/officer excessive force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in wrongful searches, seizures, detentions, and arrests of unarmed African-Americans that have not committed any crime or that chose to assert their rights.

123.     The following list exemplifies the aforementioned policies, customs, practices and usages of Defendant County:

a) In 2017, KPCC reported that the California Department of Justice provided data concerning use of force, including shootings.  The data revealed use of force has been disproportionately directed at Black Californians. In particular, KPCC reported San Bernardino County had an elevated rate of excessive force rates;

b) In 2018, a San Bernardino County Sheriff's Deputy was caught on video using excessive force. Specifically, the deputy repeatedly kicked a handcuffed man in the head, as well as stomped on his head;

c) In 2015, COSB did not terminate or reprimand Steven Richter, a sheriff

deputy who stole thousands of bullets from the department.  In fact, COSB did not charge the deputy, and Steven Richter was allowed to resign;

d) In 2019, Mr. Ricky Butler a middle-age African-American man, filed a civil rights lawsuit against the COSB and its sheriff deputies alleging false arrest, excessive force and malicious prosecution.

e) COSB's unlawful criminalization of Black persons led the United Stated Department of Justice to file a lawsuit in 2019 against the City of Hesperia and the SBSD for violating the Fair Housing Act of 1988 and the Civil Rights Act of 1968, by forcing homeowners to evict Black renters in an effort to reverse the declining percentage of White residents in the area. According to the DOJ's complaint, Hesperia city officials, with strong encouragement from the SBSD,  enacted a "crime-free rental" ordinance, in 2016 which required property owners to evict tenants if the SBSD determined those tenants engaged in illegal activity on or near the rental property; drug offenses occurring at any location (not just at home) warranted a three-day eviction notice under the ordinance. An investigation by the United Stated Department of Housing and Urban Development revealed that Black renters were nearly four times as likely than White renters to be evicted under the new rule. Statements made by various officials provide strong evidence of "discriminatory intent". One Hesperia city council member said the ordinance would help "improve our demographic", according the DOJ complaint. The lawsuit quotes Hesperia Mayor Eric Schmidt as stating the renters that "aggravate us aren't from here" and "[they] come from somewhere else with their tainted history."

f) On November 11, 2020, Demetrik Heard filed a lawsuit againt the County alleging its sheriff deputies used excessive force during an alleged investigation in a restaurant in Victorville, California.  Mr. Heard

alleges the deputies falsely arrested him and subjected him to racial discrimination.

123.   DEFENDANTS, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these DEFENDANTS condoned, tolerated and through actions and inactions thereby ratified such policies. Said DEFENDANTS also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

124.   By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DEFENDANTS acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by DEFENDANT COUNTY and DEFENDANT DEPUTIES were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

125.   By reason of the aforementioned acts, omissions, policies, procedures, customs, ratification, and inadequate training of deputies/officers, Plaintiff has suffered and hereby claims mental, emotional, physical past, present and future pain and suffering under 42 U.S.C. § 1983.

126.   Accordingly, DEFENDANTS each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

127.   Plaintiff also seeks attorney fees under this claim Plaintiff also seeks attorney fees under this claim under 42 U.S.C. §§ 1983 and 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in their favor and against DEFENDANTS, inclusive, as follows and/or a jury trial:

A.      For compensatory and special damages in an amount to be proven at trial;

B.      For mental, emotional, physical past, present and future pain and suffering;

C.      For punitive damages against the individual defendants in an amount to be proven at trial;

D.      For statutory damages;

E.      For interest;

F.      For reasonable attorneys' fees, including litigation expenses;

G.      For costs of suit;

H.      For such further other relief as the Court may deem just, proper, and appropriate.

Dated:  December 20, 2020          **IVIE McNEILL WYATT PURCELL & DIGGS**

                                   **By:/s/ Rodey S. Diggs**
                                   **RODNEY S. DIGGS**
                                   **YALDA PAYDAR**
                                   **Attorneys for Plaintiff**
                                   **JAAYE PERSON-LYNN**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


Dated:  December 20, 2020          **IVIE McNEILL WYATT PURCELL & DIGGS**


                    **By:/s/ Rodey S. Diggs_____**
                         **RODNEY S. DIGGS**
                         **YALDA PAYDAR**
                         **Attorneys for Plaintiff**
                         **JAAYE PERSON-LYNN**